**Erin M. Pettigrew,** OSB 125100
erin@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089
Attorneys for Plaintiff Luis Perez-Carillo

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re OSCAR URRUTIA-ARROYO and SONIA ELIZABETH URRUTIA-HERNANDEZ,<br><br>    Debtors. | Case No.  13-31781-elp7 |
| LUIS PEREZ-CARILLO,<br><br>    Plaintiff,<br><br> v.<br><br>OSCAR URRUTIA-ARROYO, dba OSCAR & SONS,<br><br>    Defendant. | Adv. Pro. No. _____<br><br>COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF CERTAIN DEBTS<br>[11 U.S.C. § 523(A)(3)(B)] |

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 1

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13

Plaintiff Luis Perez-Carillo makes the following allegations against Defendant Oscar Urrutia-Arroyo by and through his undersigned attorney.

## NATURE OF THE CASE

1. In September 2012, Debtor Defendant Oscar Urrutia-Arroyo ("Defendant") hired Plaintiff Luis Perez-Carillo ("Plaintiff") to perform work for Defendant's landscaping business, Oscar & Sons. Plaintiff is a day laborer and a monolingual Spanish speaker. Through false promises of a fair wage, Defendant employed Plaintiff from approximately September 24, 2012 until October 17, 2012, and then willfully refused to pay Plaintiff his wages. After Defendant refused to pay, Plaintiff sought help through the Portland day laborer center, Voz Workers' Rights Education Project. Voz sent letters to Mr. Urrutia-Arroyo inquiring about Plaintiff's unpaid wages. Defendant sent a notice to Voz of the filing of his bankruptcy, but failed to list Plaintiff in Schedule E of his voluntary petition, and did not otherwise provide notice to him of the bankruptcy. Sometime in the spring of 2013, Voz organizers translated some parts of Defendant's notice of bankruptcy to Plaintiff, and they told Plaintiff that he needed an attorney. Plaintiff was unable to obtain the assistance of an attorney until August 12, 2013, well after the July 3, 2013 bar date to file objections to discharge. Plaintiff objects to Defendant's discharge of the debt owed to Plaintiff on the grounds that he was not listed as a creditor and did not get actual notice of the filing in time to present a case of non-dischargeability of certain debts. Plaintiff further alleges that the wage debt was procured by false pretenses, misrepresentation, and willful and malicious injury by an employer who repeatedly promises a fair wage and then intentionally fails to deliver on that promise.

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 2

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13

## JURISDICTION AND VENUE

2. Defendant Urrutia-Arroyo sought an order discharging debt owed to Plaintiff pursuant to 11 U.S.C. § 727. Defendant filed a voluntary petition for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the District of Oregon on or about March 27, 2013. *See* Doc. 1, case No. 13-31781-elp7. Defendant was discharged on July 3, 2013. *See* Doc. 14.

3. This is an adversary proceeding to determine the dischargeability of Defendant's debt to Plaintiff, pursuant to Fed. R. Bankr. P. 7001(6) and 11 U.S.C. §§ 523(a)(3)(B), 523(a)(2)(A) and 523(a)(6) on the grounds set forth below.

4. This is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(J) and 28 U.S.C. § 1334(b).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) and Fed. R. Bankr. P. 7003 because the adversary proceeding is filed in the district in which the bankruptcy case is pending.

## PARTIES

6. Defendant operates a landscaping business named Oscar & Sons ("Oscar & Sons") located in Beaverton, Oregon. Oscar & Sons is an assumed business name of Defendant.

7. Plaintiff is a former employee of Oscar Urrutia-Arroyo, dba Oscar & Sons. He is a creditor of Defendant and a natural person. At all times relevant to this complaint, he was over the age of eighteen (18) years and resided in Washington County, Oregon.

///

///

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 3

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13

## FACTUAL ALLEGATIONS

8. Defendant runs a landscaping company providing landscaping and related services to landowners.

9. Plaintiff is a day laborer who does not speak English.

10. Defendant hired Plaintiff on or around September 24, 2012.

11. At the time of hire, Defendant told Plaintiff that he would be paid eleven dollars an hour, twelve if Plaintiff worked hard.

12. Defendant has engaged in a pattern and practice of promising to pay in full his workers' wages, but ultimately failing to do so.

13. Defendant hired Plaintiff and promised to pay him for his labor without intention of paying him in full.

14. Plaintiff was not aware of Defendant's history of not paying his employees their wages.

15. In reliance upon Defendant's representation, Plaintiff agreed to the proposed arrangement.

16. Defendant continued to receive income on accounts receivable during Plaintiff's employ and could have paid Plaintiff's wages.

17. At all times material to this action, Defendant managed, supervised, and directed Plaintiff's work activities and was responsible for his pay.

18. Defendant did not pay Plaintiff for regular and overtime hours worked.

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 4

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13

19. Plaintiff worked over eighty one (81) hours and was not paid for his labor. This includes over twenty two (22) hours of uncompensated overtime pay.

20. On October 22, 2012, Plaintiff called Defendant to ask for his pay. Defendant responded by sending a text message to Plaintiff, indicating that Plaintiff would be paid by October 31, 2013.

21. Defendant never paid Plaintiff.

22. At the beginning of November, Plaintiff sought assistance with Voz Workers' Rights Education Project in Portland, Oregon.

23. On November 9, 2012, January 15, 2013, and February 8, 2013, Ignacio Paramo, organizer at Voz, sent Defendant letters to known addresses for Defendant, asking for Plaintiff's unpaid wages and identifying Plaintiff by name.

24. On March 27, 2013, Defendant filed a Chapter 7 Voluntary Petition for Bankruptcy with Schedules. Defendant signed the Bankruptcy Petition, under the penalty of perjury, affirming the statements made in the Petition and Schedules.

25. Defendant did not list Plaintiff by name in the Schedules of Creditors.

26. Defendant mailed a Notice of Chapter 7 Bankruptcy Case to "Voz Worker Center, 240 NE Marther [*sic*.] Luther King Blvd., Attn: Jason M., Portland, OR 97232-2945."

27. Defendant did not otherwise apprise Plaintiff of the filing of bankruptcy.

28. At the 341 Meeting of Creditors, Defendant testified that he had not hired day laborers since 2011.
COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 5

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

29. Plaintiff first became aware of the bankruptcy through organizers at Voz who translated some parts of the Notice document at some point in the spring of 2013 and advised him to find an attorney. Plaintiff did not receive a copy of the notice and did not understand its significance.

30. Plaintiff tried to get an attorney to help him with this matter, but was unable to obtain legal representation until August 12, 2013. At that point, Plaintiff was advised concerning Defendant's bankruptcy filing.

31. Defendant had knowledge of Plaintiff's claim but failed to list Plaintiff in his schedules by name.

### FIRST CLAIM FOR RELIEF

**(To Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(3)(B) - Debt Procured by Fraud, 11 U.S.C. § 523(a)(2)(A))**

32. Defendant did not list Plaintiff in his schedules and Plaintiff was not provided actual notice in time sufficient to timely request a determination of dischargeability of Defendant's debt to Plaintiff.

33. Defendant promised Plaintiff eleven to twelve dollars an hour when he intended to pay far less than what was promised.

34. Plaintiff relied on Defendant to pay him in accordance with his promises and with federal and Oregon wage and hour laws.

35. Plaintiff's reliance was reasonable.

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 6

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13

36. Defendant did not intend to pay Plaintiff in full for his labor as required under their oral agreement and state and federal law.

37. Defendant's material misrepresentations resulted in a loss of income and other economic losses suffered by Plaintiff.

38. Defendant procured Plaintiff's labor through fraudulent misrepresentation, false pretenses, or actual fraud as defined under Oregon law and 11 U.S.C. § 523(a)(2)(A).

39. Defendant's debts to Plaintiff are not dischargeable because they are debts for services obtained through false pretenses, false representations, or actual fraud.

## SECOND CLAIM FOR RELIEF

### (To Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(3)(B) - Debt Caused by Willful and Malicious Injury, 11 U.S.C. § 523(a)(6))

40. Defendant did not list Plaintiff in his schedules and Plaintiff was not provided actual notice in time sufficient to timely request for a determination of dischargeability of Defendant's debt to Plaintiff.

41. Defendant engaged in tortious conduct under Oregon law by hiring Plaintiff in bad faith through false promises of a good wage and by engaging Plaintiff for services for which Defendant did not intend to pay.

42. By promising to pay Plaintiff's wages without intent to do so, Defendant exhibited a motive to inflict harm or a belief that harm to Plaintiff was substantially certain to occur.

43. Defendant's decision not to pay Plaintiff was willful.

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 7

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13

44.     Defendant acted maliciously by fraudulently promising to pay wages, intentionally, an act that necessarily caused injury to Plaintiff, and did so without just cause or excuse.

45.     The debt owed to Plaintiff is not dischargeable pursuant to 11 U.S.C. § 523(a)(6) because Defendant willfully and maliciously caused injury to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor against Defendant as follows:

a)      That the debt owed to Plaintiff by Defendant be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(3)(B);

b)  For such other and further relief as this Court deems just and proper.

Respectfully submitted this 1st day of October, 2013.

 /s/ *Erin M. Pettigrew*
Of Attorneys for Plaintiff
**Erin M. Pettigrew,** OSB 125100
erin@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

COMPLAINT FOR DETERMINATION OF DISCHARGEABLILITY OF CERTAIN DEBTS - PAGE 8

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Case 13-03239-elp    Doc 1    Filed 10/01/13